IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMONDO SERRANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16cv40-WKW-SRW |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 7, 2016, plaintiff was directed to file, within fourteen days, a written notice providing sufficient information and proper addresses to allow for service of process on the named defendants. (Doc. 6). That deadline has expired, and plaintiff neither filed the requisite notice nor requested additional time to comply with the March 7 order. On November 9, the court entered an order noting that plaintiff had twice failed to respond to court orders in a timely manner. (Doc. 7). In that order, plaintiff was directed to show cause by November 22, 2016 why this case should not be dismissed for lack of prosecution and for his failure to comply with court orders. (Id.).

The November 9 order provides, in relevant part, as follows:

> Because plaintiff did not provide information that is necessary for the prosecution of this case despite being directed to do so, and because plaintiff's failure to respond to the March 7 order marks the second time that he did not heed a court-imposed deadline, the court finds that dismissal without prejudice because of plaintiff's failure to prosecute this lawsuit is appropriate. That conclusion is bolstered by the fact that plaintiff has taken no action in this case since February 26, 2016, and it appears that plaintiff has abandoned this litigation. (Doc. 5).

(Id.). Plaintiff was cautioned that a failure to respond to the November 9 order could result in the dismissal of this case. (Id.). The November 22 deadline passed, and plaintiff did not file a response to the November 9 order or otherwise contact the court. This is the third time that plaintiff has ignored a filing deadline set by the court. (See Docs. 4, 5, 7).

The plaintiff's failure to respond cannot be blamed on his not receiving the November 9 order. The Clerk of Court sent the plaintiff copies of the March 7 and November 9 orders by certified mail to the address that the plaintiff previously provided to the court. By law, the plaintiff is deemed to have received the latest order on November 9, the date it was mailed by the Clerk of Court. (Doc. 7). See Fed. R. Civ. P. 5(b)(2)(C) (service is deemed completed by "mailing [a court order] to the person's last known address – in which event service is complete upon mailing"). The return receipt card was signed by an individual other than the plaintiff – Rosabel Cruz – on November 12, 2016. (Doc. 8). Thus, as a practical matter, a copy of the November 9 order was delivered to plaintiff's address of record on November 12 – three days after it was entered. That allowed the plaintiff an additional 10 days to satisfy the November 22 deadline.

Under Federal Rule of Civil Procedure 41(b) of the Federal Rules of Civil Procedure, the court may dismiss an action or claim due to a plaintiff's failure to prosecute it or to comply with the federal rules or orders of the court. See Fed. R. Civ. P. 41(b). "If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may *sua sponte* dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record of willful conduct and a finding that

lesser sanctions are inadequate." Levinson v. WEDU TV, 505 F. App'x. 919, 920 (11th Cir. 2013); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) ("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'") (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

Plaintiff's conduct makes clear that he does not intend to proceed on the claims he asserts in this action. It has been more than nine months since plaintiff has filed anything in this case, despite orders to respond. Also, plaintiff has not otherwise contacted the chambers of the undersigned Magistrate Judge to inquire about the status of his case.

Plaintiff's failure to prosecute is not a minor default or omission; it appears that he has abandoned his claims entirely. While the court has considered lesser sanctions, it concludes that no lesser sanction than a dismissal without prejudice will suffice to remedy plaintiff's failure to prosecute this action or to comply with the court's orders. Despite the court's warnings that this case may be dismissed, plaintiff has neither complied with the court's orders nor sought relief from them. Because plaintiff has not responded to the court's communications mailed to his address of record since March 2016, and someone other than the plaintiff has signed for his mail, it appears that plaintiff's address of record may no longer be valid; however, plaintiff has not provided the court any forwarding address. This case cannot move forward unless the plaintiff participates in it, and plaintiff has given the court no indication that he will do so.

Accordingly, for the reasons discussed herein, the undersigned Magistrate Judge **RECOMMENDS** that this lawsuit be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to prosecute it or to comply with the orders of the court.

The Clerk of the Court is **DIRECTED** to file the Recommendation of the Magistrate Judge, to serve a copy on the plaintiff by certified mail, and to docket the return receipt. The parties are **ORDERED** to file any objections to this Recommendation on or before December 12, 2016. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 28th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge